Filed 12/17/25  P. v. Redd CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PIERRE REDD,<br><br>Defendant and Appellant. | B337829<br><br>Los Angeles County<br>Super. Ct. No. TA132783 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed and remanded with directions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

The superior court resentenced appellant Pierre Redd under Penal Code section 1172.75.[1]  On appeal, he complains that the court improperly imposed the upper term for two determinate counts without complying with the factfinding requirement of section 1170, subdivision (b).  We reject Redd's challenge because section 1172.75, subdivision (d)(4) allows an exception to the factfinding requirement of section 1170, subdivision (b) if the upper term was previously imposed.

But we remand the matter for the superior court to modify the judgment to vacate the balance of the restitution fine originally imposed on July 29, 2014, as mandated by section 1465.9.  The trial court is also to impose the criminal conviction facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and the court security fee (§ 1465.8, subd. (a)(1)) or state its reasons for declining to do so.  As modified, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Facts[2]

On November 22, 2013, a 16-year-old girl named D.B. got into an argument with Redd, who was her pimp.  Redd shot her twice in the stomach with a revolver.  A neighbor named Shanta Stanford asked Redd what he did.  Redd responded, "[Do you]

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We refer to the factual background from the opinion in *People v. Redd* (Mar. 28, 2016, B257939) [nonpub. opn.], which affirmed the judgment of conviction.

2

want some too?" He fired two shots at Stanford, striking him on the upper thigh.

## II. Procedure

### A. *Trial court proceedings*

A jury convicted Redd of two counts of attempted premeditated murder (§§ 187, subd. (a), 664, subd. (a); counts 2 & 3), each with true findings for firearm allegations of personal use, discharge, and discharge causing great bodily injury (§ 12022.53, subds. (b)–(d)). The jury also convicted Redd of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 4) and possession of ammunition by a felon (§ 30305, subd. (a)(1); count 5).

In a bifurcated trial, the trial court found that Redd sustained one prior serious felony conviction (§ 667, subd. (a)(1)), one prior felony conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), and four convictions for which he served a prior prison term (§ 667.5, subd. (b)).

On July 29, 2014, the trial court sentenced Redd. For the attempted murder of D.B. in count 2, the court imposed 39 years to life, doubling the minimum term of seven years pursuant to the Three Strikes law and adding 25 years to life for discharging a firearm causing great bodily injury. For the attempted murder of Stanford in count 3, the court imposed a consecutive term of 39 years to life, doubling the minimum term of seven years pursuant to the Three Strikes law and adding 25 years to life for discharging a firearm causing great bodily injury. The court imposed an additional five years each for count 2 and count 3 for the prior serious felony conviction enhancement. The court imposed an additional four years for the four prior prison term enhancements for count 2 and four additional years for count 3.

For the determinate portion of the sentence, the court imposed concurrent terms of six years each for count 4 and count 5, calculated as the upper term of three years doubled pursuant to the Three Strikes law. The court imposed an additional four years for the prior prison term enhancements for the determinate term of the sentence. The total determinate term was 10 years.

The total sentence was 96 years to life.

Additionally, the trial court imposed a restitution fine of $10,000 under section 1202.4, subdivision (b) and imposed and stayed $10,000 for a parole revocation restitution fine under section 1202.45. The court also imposed a $40 court security fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction facilities assessment (Gov. Code, § 70373, subd. (a)(1)).[3]

Redd timely appealed. On March 28, 2016, this court affirmed the judgment.[4]

---

[3]     Section 1465.8, subdivision (a)(1), requires the trial court to impose a $40 assessment, also known as the court security fee, to fund court operations. Government Code section 70373, subdivision (a)(1), requires the trial court to impose a $30 assessment on every conviction for a criminal offense to ensure funding for court facilities.

[4]     *People v. Redd, supra,* B257939.

## B. Resentencing

On October 24, 2022, the superior court dismissed the prior prison term enhancements after receiving correspondence from the Department of Corrections and Rehabilitation. The total sentence was reduced to 88 years to life.

On March 7, 2024, the superior court conducted a resentencing hearing pursuant to section 1172.75. It denied Redd's request to dismiss the prior felony conviction under the Three Strikes law. It granted his request to strike the firearm enhancement under section 12022.53, subdivision (d) and the prior serious felony conviction enhancement as applied to the attempted murder of Stanford in count 3.

For the attempted murder of D.B. in count 2, the court imposed a term of 39 years to life, doubling the minimum term of seven years pursuant to the Three Strikes law and adding 25 years to life for the firearm enhancement. The court imposed an additional five years for the prior serious felony conviction enhancement for count 2. For the attempted murder of Stanford in count 3, the court imposed a consecutive term of 14 years to life, doubling the minimum term of seven years pursuant to the Three Strikes law.

For the conviction for felon in possession of a firearm in count 4, the court imposed six years, calculated as the upper term of three years doubled pursuant to the Three Strikes law. For count 5, the court imposed the same sentence of six years for Redd's conviction of felon in possession of ammunition. The terms on these two counts were to run concurrently with the indeterminate sentences.

The court resentenced Redd to 58 years to life.

The superior court initially imposed a $10,000 restitution fine and found that Redd had the ability to pay this amount. It later reduced the restitution fine to $5,000.

## DISCUSSION

### I.    Resentencing under section 1172.75

Redd argues that the superior court erred by imposing the upper term for his convictions of felon in possession of a firearm in count 4 and felon in possession of ammunition in count 5 when resentenced under section 1172.75. He reasons that imposition of the upper term violated section 1170, subdivision (b) because no aggravating circumstance was admitted by him, stipulated to by the parties, or found true by the court or a jury beyond a reasonable doubt. We reject Redd's argument.

### A.    *Exception under section 1172.75, subdivision (d)(4)*

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by limiting the prior prison term enhancement to only terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) It invalidated prior prison term enhancements for other offenses. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes by Senate Bill No. 136 retroactive and added former section 1171.1, now section 1172.75, which provided a mechanism for resentencing defendants whose sentences included terms on the invalid enhancements. (Stats. 2021, ch. 728, §§ 1, 3; Stats. 2022, ch. 58, § 12.) Under the resentencing procedure, the Department of Corrections and Rehabilitation initially identifies those defendants currently

6

serving a term for a judgment that included the invalid enhancement and forwards their information to the superior courts. Upon verification of eligibility of relief, the superior court recalls the sentence and conducts a resentencing hearing. (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Section 1172.75, subdivision (d)(2) requires the court to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." To support his claim, Redd points out that effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b) to prohibit imposition of a sentence exceeding the middle term when a statute specifies three possible terms. (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) permits imposing the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The resentencing provision under section 1172.75 provides an exception to the factfinding requirement of section 1170, subdivision (b). Section 1172.75, subdivision (d)(4) unambiguously states: "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." The first clause—"Unless the court originally imposed the upper term"—

provides an exception for defendants who were originally sentenced to the upper term from the second clause's factfinding requirement.  (§ 1172.75, subd. (d)(4).)

According to the court in *People v. Brannon-Thompson*, the plain language of section 1172.75, subdivision (d)(4) indicates that the factfinding requirement under section 1170, subdivision (b) applies only if the court is imposing the upper term for the first time.  (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467.)  The court concluded that section 1172.75, subdivision (d)(4) permits the court to reimpose an upper term sentence even if a factfinder never found an aggravating factor beyond a reasonable doubt.  (*Brannon-Thompson*, at p. 458.)

We agree with this interpretation of section 1172.75, subdivision (d)(4), and see no ambiguity in it.  (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265 [when interpreting a statute, "[t]he plain meaning controls if there is no ambiguity in the statutory language"].)

### B.     *No Sixth Amendment violation*

The court in *People v. Gonzales* (2024) 107 Cal.App.5th 312, 328–329, acknowledged that the plain language of section 1172.75, subdivision (d)(4) could be interpreted as it was in *Brannon-Thompson*.  But *Gonzalez* concluded that permitting imposition of the upper term without a stipulation to, or a jury finding of, an aggravating circumstance beyond a reasonable doubt would violate the Sixth Amendment.  (*Gonzales,* at pp. 329–330; *People v. Lynch* (2024) 16 Cal.5th 730, 759.)  Under the

8

Sixth Amendment, "any fact[5] that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt." (*Cunningham*, *supra*, 549 U.S. at p. 281.) *Gonzalez* interpreted section 1172.75, subdivision (d)(4) as only restricting eligibility to receive the upper term at resentencing to those who previously received the upper term. But according to *Gonzalez*, section 1172.75, subdivision (d)(4) does not permit a court to entirely circumvent the factfinding requirement. (*Gonzalez*, *supra*, 107 Cal.App.5th at p. 329.)

*People v. Mathis* addressed this Sixth Amendment issue. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 372–373, review granted Aug. 13, 2025, S291628 (*Mathis*).) In *Mathis*, the version of section 1170, subdivision (b) in effect at the time of the defendant's original sentence in 2017 granted the trial court broad discretion to select any of the three prison terms provided for the offense.[6] The middle term was not presumptive and no

---

[5] Prior conviction allegations are excepted from this requirement. (*Cunningham v. California* (2007) 549 U.S. 270, 281 (*Cunningham*).)

[6] Until 2007, section 1170, former subdivision (b) provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15; Stats. 1998, ch. 926, § 1.5.) *Cunningham* held that this scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's sentence to be increased beyond the statutory maximum based on a fact he or she did not admit or not found true by a jury. (*Cunningham*, *supra*, 549 U.S. at pp. 274–275.)

To remedy this violation, the Legislature amended section 1170, subdivision (b) to eliminate the middle term as the

requirement existed for a jury or a court to find a particular fact to justify imposition of the upper term. The Sixth Amendment was not violated because an additional factual determination was not necessary to impose a greater potential sentence.

According to *Mathis*, because this same statutory scheme was in effect at the time the Legislature established section 1172.75, the heightened factfinding requirement was not necessary for defendants who originally received the upper term. These defendants would have been sentenced under the prior version of section 1170, subdivision (b) that provided courts with broad discretion that allowed them to dispense with the heightened factfinding requirement. (*Mathis*, *supra*, 111 Cal.App.5th at p. 373, review granted.) Under this version of section 1170, subdivision (b), an upper term sentence would have complied with the Sixth Amendment when originally imposed. (*Mathis*, at pp. 373–374.) When resentencing under section 1172.75, a court need not engage in any additional factfinding if the upper term was originally imposed.

The Supreme Court granted review in a nonpublished case to decide the split of authority by *Brannon-Thompson* and *Gonzalez* and will have the final say over whether section 1172.75, subdivision (d)(4) permits a court to reimpose an upper term sentence without satisfying the factfinding requirement of section 1170, subdivision (b). (*Mathis*, *supra*, 111 Cal.App.5th at pp. 372–373, fn. 6, review granted [referring to *People v. Eaton*

---

presumptive term and provide courts with "broad discretion" to choose the term. (§ 1170, former subd. (b), enacted by Sen. Bill No. 40 (2007–2008 Reg. Sess.), Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007.)

(Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903].)  Until then, we agree with *Brannon-Thompson* and *Mathis* and decline to follow *Gonzalez*.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.)

### C.    *No equal protection violation*

Redd also argues that section 1172.75, subdivision (d)(4) violates the federal and state equal protection clauses because it deprives him of the benefit of the factfinding requirement of section 1170, subdivision (b) that would be required under other resentencing statutes.[7]  We reject Redd's argument.

### 1.    State and federal constitution

The federal constitution's Fourteenth Amendment and article I, section 7 of the California Constitution guarantee equal protection of the laws.  (U.S. Const., 14th Amend.; Cal. Const., art. 1, § 7, subd. (a); *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 571–572.)  These guarantees prohibit unequal treatment of a group by the government, absent some justification.  (*People v. Hardin* (2024) 15 Cal.5th 834, 847 (*Hardin*); *People v. Chatman* (2018) 4 Cal.5th 277, 288.)  The California Supreme Court has seen no reason to distinguish the state and federal guarantees of equal protection in challenges to consequences associated with criminal offenses.  (*Johnson v.*

---

[7]    Redd provides examples of resentencing under sections 1170.18, subdivision (a) and 1172.1.  He also mentions correcting an unauthorized sentence.

11

*Department of Justice* (2015) 60 Cal.4th 871, 881 (*Johnson*); *Chatman*, at p. 287.)

The degree of justification required depends on the type of unequal treatment by the challenged law. (*Hardin, supra*, 15 Cal.5th at p. 847.) Traditionally, the rational basis analysis applies when the challenge does not claim the law involves a suspect classification or denial of a fundamental right. (*Ibid*.) Rational basis analysis thus applies to Redd's challenge to the resentencing law.

Traditionally, under the rational basis analysis, the court is to consider " 'whether the state adopted a classification affecting two or more groups that are similarly situated in an unequal manner.' " (*Hardin, supra*, 15 Cal.5th at p. 848.) If the classification does so, the court next considers " 'whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose.' " (*Ibid*.) The Supreme Court has simplified this analysis by skipping the determination of whether the groups are similarly situated. Instead, it focuses on "whether the challenged difference in treatment is adequately justified under the applicable standard of review." (*Id.* at p. 851.) The Court has placed "[t]he burden . . . on the party challenging the law to show that it is not." (*Ibid*.)

In determining whether a rational basis exists for the different treatment, " 'a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation].' " (*Johnson, supra*, 60 Cal.4th at p. 881.) " 'It is immaterial for rational basis review "whether or not" any such speculation has "a foundation in the record." ' " (*Ibid*.) The challenger must " ' "negative every conceivable basis" ' that might support the disputed statutory disparity. [Citations.] If a

12

plausible basis exists for the disparity, courts may not second-guess its ' "wisdom, fairness, or logic." ' [Citations.]" (*Ibid.*)

We review conclusions of law, such as those required for this equal protection challenge, de novo. (*Johnson*, *supra*, 60 Cal.4th at p. 881.)

### 2. Adequate justification

As directed by the Supreme Court, we bypass the similarly situated determination and assess whether adequate justification exists for any different treatment between section 1172.75 resentencing defendants who were originally sentenced to the upper term and those who would be subject to the factfinding requirement when resentenced under another resentencing provision. We conclude that adequate justification exists.

Preventing danger to the public could plausibly serve as a rational basis for dispensing with the factfinding requirement to impose the upper term for persons who originally received it. Prior to the amendment of section 1170, subdivision (b), such defendants were subject to a judicial determination that the upper term was justified. The Legislature could have rationally concluded that the factfinding requirement could lead to shorter terms for these defendants who previously received the upper term. The shorter terms would provide an earlier release and allow more opportunity to reoffend. Based on this justification, equal protection would not be violated for any unequal treatment of defendants who previously received the upper term.

## II. Restitution fine and court-ordered assessments

### A. *Restitution fine and section 1465.9*

Redd argues that in accordance with section 1465.9, we must remand the matter and direct the superior court to vacate

13

any balance of the restitution fine originally imposed pursuant to section 1202.4. The Attorney General concedes. We agree with Redd and accept the Attorney General's concession.

Assembly Bill No. 1869 (2019–2020 Reg. Sess.) added section 1465.9 to "eliminate the range of administrative fees . . . to fund elements of the criminal legal system and . . . eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (§ 1465.9, subd. (a).) Assembly Bill No. 177 (2021–2022 Reg. Sess.) amended section 1465.9 to mandate that, on or after January 1, 2022, a court deem "the balance of any court-imposed costs" under section 1202.4 (as it read on December 31, 2021) unenforceable and uncollectible.[8] (§ 1465.9, subd. (b).) Section 1465.9, subdivision (b) also mandated that the court vacate any portion of a judgment imposing costs under section 1202.4.

Effective January 1, 2025,[9] Assembly Bill No. 1186 (2023–2024 Reg. Sess.) also added subdivision (d) to section 1465.9, stating, "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and

---

[8]    Section 1465.9 also includes the costs imposed pursuant to sections 1001.15, 1001.16, 1001.90, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7. (§ 1465.9. subd. (b).)

[9]    A statute enacted during the regular session of the Legislature becomes effective on January 1 of the year following its enactment except where the statute is passed as an urgency measure and becomes effective sooner. (Cal. Const., art. IV, § 7, subd. (c); Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865.)

14

uncollectible and any portion of a judgment imposing those fines shall be vacated." This amendment broadened the previous mandate to include any balance of the restitution fine and not limit it to costs.

Section 1465.9, subdivision (d) became effective after the superior court conducted the resentencing hearing on March 7, 2024, but it applies because the judgment after the resentencing is not yet final.[10]  " ' "[I]f the amendatory statute lessening punishment . . . becomes effective prior to the date the judgment of conviction becomes final then . . . it, and not the old statute in effect when the prohibited act was committed, applies." ' " (*Covarrubias*, *supra*, 1 Cal.5th at p. 935.)

Section 1465.9, subdivision (d) expressly defines the 10-year period to run after the "date of imposition" of the restitution fine. Here, the trial court imposed the restitution fine on July 29, 2014. The superior court must modify the judgment to vacate the balance of the restitution fine because more than 10 years have elapsed since it was originally imposed.

### B.  *Parole revocation restitution fine*

Redd also challenges the original stayed $10,000 parole revocation restitution fine under section 1202.45. He reasons

---

[10]  " ' "[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed." ' " (*People v. Covarrubias* (2016) 1 Cal.5th 838, 935 (*Covarrubias*).)

that it must be "reduced to zero" because the restitution fine must be "reduced to zero."  We disagree.

Subdivision (a) of section 1202.45 mandates the imposition of a stayed parole revocation restitution fine for any person convicted of a crime that includes parole.  The amount must be "in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."

Contrary to Redd's claim, section 1465.9 does not require that the stayed parole revocation restitution fine be "reduced to zero" because restitution fine must be "reduced to zero."  Section 1465.9 makes no mention of the parole revocation restitution fine under section 1202.45.  We are not to insert a term that was not included in a statute or omit a term that has been included. (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925.)

### C.     *Assessments not included in the oral imposition of the sentence*

Redd points out that the superior court's oral pronouncement of judgment did not include the imposition of the court security fee (also known as the court operations assessment) under section 1465.8, subdivision (a)(1) and the criminal conviction facilities assessment under Government Code section 70373, subdivision (a)(1), although the court's minute order noted that they were imposed.  Redd argues that they must be vacated.  The Attorney General agrees that they were not included in the oral pronouncement of judgment but asserts that we must remand the matter to the superior court to either impose the assessments or state its reasons for not doing so.

Generally, when there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls.  (*People v. Mitchell*

16

(2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)

The reporter's transcript contains no mention of the assessments by the superior court during the resentencing hearing. The superior court did not impose the assessments, nor state any reasons for declining to do so. These assessments are mandatory. Because the court did not impose assessments as statutorily mandated, we will remand the matter to permit it to do so or state its reasons for declining.[11] (*People v. El* (2021) 65 Cal.App.5th 963, 967.)

---

[11] An appellate court cannot correct a judicial error, which is an error made in rendering the judgment, rather than in recording the judgment rendered. (*In re Candelario* (1970) 3 Cal.3d 702, 705; *People v. Codinha* (2023) 92 Cal.App.5th 976, 985.)

## DISPOSITION

The matter is remanded for the superior court to modify the judgment to vacate any balance of the restitution fine imposed on July 29, 2014, in accordance with section 1465.9, subdivision (d).

The superior court is also to impose the criminal conviction facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and the court security fee (also known as the court operations assessment) (§ 1465.8, subd. (a)(1)) or state its reasons for declining to do so.

The judgment is otherwise affirmed.  The superior court is to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.

We concur:


EDMON, P. J.



ADAMS, J.